**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LE XU,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *Pike County Correctional Center*, *et al.*,<br><br>Respondents. | No. 4:26-CV-01895<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 28, 2026**

## I. BACKGROUND

Le Xu filed this 28 U.S.C. § 2241 petition alleging that his continued civil detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates his due process rights.[1] Specifically, he alleges that his confinement without a bond hearing has now become "constitutionally suspect" based on its duration.[2]

Xu is a citizen and native of the People's Republic of China who entered the United States of America in 2021.[3] In 2024, Xu was convicted—after pleading

---

[1] Doc. 1.
[2] *Id.* at 6.
[3] *Id* at 4.

guilty—of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a term of 51 months' imprisonment.[4]

Upon Xu's release from custody on February 13, 2026, he was detained by ICE and has been in its custody since that date.[5] Based on Xu's prior conviction, he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A).[6] Xu is currently detained at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[7]

In July of 2026 Xu filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[8] He avers, without elaboration, that "his continued mandatory detention has become constitutionally excessive as applied unless and until the government affords him an individualized hearing at which it must justify detention by appropriate evidence and burden of proof."[9]

The Government responds that Xu's continued detention is not unconstitutional.[10] Specifically, it argues that Xu has only been detained for six

---

4 Doc. 6-3 at 5-6. The offense itself was alleged to have ended in March of 2023. *Id.*

5 Doc. 1 at 4; Doc. 6-5 at 2.

6 Doc. 6 at 3. *See* 8 U.S.C. § 1226(c)(1)(A) (providing for mandatory detention of any individual who has committed an offense listed in 8 U.S.C. § 1182, which includes in Subsection (a)(2)(A)(i)(II), controlled substance offenses. Because the facts of this case are clear, Xu's request for limited discovery, Doc. 1 at 7-8, is denied.

7 Doc. 1 at 1.

8 *See* Doc. 1.

9 *Id.* at 7.

10 Doc. 6.

months and his detention is not unnecessarily prolonged, the reasons for the duration of his detention are tied to ordinary removal proceedings, there have been no intentional actions from the Government to prolong those proceedings, and Xu's conditions of confinement are not punitive.[11]

Xu has not filed a reply brief and the time to do so has now lapsed, rendering this matter ripe for disposition. For the reasons discussed below, the petition will be denied.

## II. DISCUSSION

Xu brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[12] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[13] Xu's claim is therefore properly brought in this petition.

Despite 8 U.S.C. § 1225(c) providing for seemingly indefinite mandatory detention, the United States Court of Appeals for the Third Circuit has "held that

---

11 *Id.* at 4-7.
12 28 U.S.C. § 2241(c)(2).
13 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

'when detention becomes unreasonable, the Due Process Clause demands a hearing.'"[14] Whether detention has become unreasonable "is a 'highly fact-specific' inquiry" that involves analysis of "a nonexhaustive list of four factors."[15] Those four factors are: (1) "the duration of detention;" (2) "whether the detention is likely to continue;" (3) "the reasons for the delay;" ; and (4) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."[16]

As to the first factor, which the Third Circuit has described as the "most important factor,"[17] Xu has been in ICE custody for six and one-half months. However, "courts in this circuit have frequently found that detention under Section 1226(c) for less than, or slightly more than, a year does not amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief."[18] Consequently, although Xu's "detention 'becomes more and more suspect'" as time goes on,[19] at present the length of confinement weighs against granting his petition.

Second, it does appear that Xu's detention is likely to continue for some time, as he has a hearing in his immigration proceedings scheduled for September 1, 2026,

---

[14] *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)).

[15] *Id.* at 210-11 (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)).

[16] *Id.* at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478 (brackets omitted)).

[17] *Id.*

[18] *Nyamekye v. U.S. Immigr. & Customs Enf't*, No. 4:23-CV-01541, 2024 WL 1890375, at *3 (M.D. Pa. Apr. 30, 2024) (collecting cases), *vacated on other grounds*, No. 4:23-CV-01541, 2024 WL 3507769 (M.D. Pa. May 29, 2024).

[19] *German Santos*, 965 F.3d at 211 (quoting *Diop*, 656 F.3d at 234).

and still does not have a final order of removal implemented against him. Accordingly, this factor weighs in favor of Xu. The third factor, reasons for any delay, is neutral. The record does not indicate that "either party made careless or bad-faith "'errors in the proceedings that caused unnecessary delay,"[20] and therefore "this factor does not favor either side."[21]

The fourth factor, whether conditions of confinement are meaningfully different from criminal punishment, weighs in Xu's favor. In considering this factor, if an individual's confinement "looks penal, that tilts the scales toward finding the detention unreasonable."[22] Xu is confined in the Pike County Correctional Facility, and the Third Circuit has previously stated that "[d]espite its civil label, . . . detention [at that facility] is indistinguishable from criminal punishment."[23] And while Respondents state that Xu is not confined to his cell for 23 hours per day as was the case in *German Santos*, that assertion "does not explain how such detention-center conditions differ from those found in a prison setting."[24] Because Xu's conditions of confinement appear indistinguishable from criminal punishment, this factor weighs in favor of ordering a bond hearing.

---

20 *Id.* (quoting *Diop*, 656 F.3d at 234 (brackets omitted)).
21 *Id.* at 212.
22 *Id.* at 211.
23 *Id.* at 213.
24 *Nyamekye*, 2024 WL 1890375, at *4.

Balancing the relevant factors presents a close question. Two of the factors—whether Xu's detention is likely to continue and the conditions of confinement—weigh in Xu's favor, while one factor is neutral. However, the most significant factor, the duration of detention, weighs against Xu. Ultimately, given the relatively brief duration of Xu's confinement, the Court concludes that due process does not yet demand a bond hearing. However, should Xu's detention continue for any extended duration of time—which appears highly probable—it is likely that the outcome of any such balancing will shift in Xu's favor.

## III. CONCLUSION

For the foregoing reasons, Xu's 28 U.S.C. § 2241 petition will be denied.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge